OPINION OF THE COURT
Kibbie F. Payne, J.
Petitioners commenced this CPLR article 78 proceeding, seek *685 ing to annul the resolution of respondent the Council of the City of New York which denied their application for a revocable consent to establish, maintain and operate an unenclosed sidewalk café at 80 University Place, New York, New York. Respondents oppose the petition, contending that the resolution has a rational basis. For the reasons that follow, the court will grant the petition and annul the Council’s determination.
On May 2, 2006, petitioner Julia Weprin filed a petition for a revocable consent to operate an unenclosed sidewalk café on behalf of respondent LADL, LLC, doing business as Jack, with respondent the New York City Department of Consumer Affairs (DCA). The unenclosed sidewalk café was intended to become a part of the existing Jack bistro, bar. Thereafter, DCA forwarded the petition to the Sidewalk, Public Facilities and Public Access Committee (SPFPA Committee) and the City of New York Community Board No. 2, Manhattan for recommendation. Given feedback, petitioners submitted a revised application proposing a café with a lesser number of tables and seats than in the original petition. The SPFPA Committee held a public hearing on the revised application, and recommended that the Council approve petitioners’ proposal.
The City of New York Community Board No. 2, Manhattan also reviewed petitioners’ revised proposal for recommendation. However, it recommended denial of the petition “in support of the longstanding tradition on University Place against outdoor cafes.” The Community Board reasoned that the community surrounding the proposed unenclosed café has worked vigilantly to preserve the residential character of the neighborhood, resisting the introduction of outdoor nightlife activities.
DCA later held a public hearing on petitioners’ application for an unenclosed café license. Following the hearing, DCA filed a written approval of the petition with the Council. The Council in turn scheduled a public hearing of its Subcommittee on Zoning and Franchises to evaluate petitioners’ proposal.
At that hearing, 47 people signed up to speak concerning the proposal. Many supported the petition, contending that petitioners operated a clean and quiet restaurant with zero violations or community complaints. However, many opposed the application. Those opposing argued, among other things, that the community does not want the sidewalks on University Place to grow loud and crowded with unenclosed outdoor cafés. Community residents worried that consent for petitioners’ café would create incentive for more establishments to apply for *686 unenclosed café licenses. One individual presented a drawing depicting 20 potential sites for sidewalk cafés on University Place.
A council member read the Community Board resolution into the record, recommending disapproval based on the neighborhood’s history of opposing such cafés. Signatures, including those of community members, were submitted in support and against the petition. However, no witnesses testified that petitioners’ proposal violated any zoning or other regulations. No person or group claimed that the proposal failed to meet the applicable criteria for unenclosed cafés in any way.
At the close of the hearing, the chairperson of the Council’s subcommittee stated generally that Jack has no record violations or complaints. The chairperson added, however, that a “de facto moratorium” exists in the neighborhood against sidewalk cafés to which he gave “very heavy weight.” The chairperson further stated that he also placed “heavy weight” on the Community Board’s recommendation of disapproval and the feelings of a fellow council member, who opposed the café on record based on community tradition. Following the chairperson’s statements, the Council’s subcommittee voted unanimously against consent for the café.
The Council’s subcommittee issued a report on the hearing, setting forth its vote and recommending the Council disapprove the application. That recommendation was forwarded to the Land Use Committee of the Council of the City of New York. With no abstentions, the Council’s Land Use Committee voted 22 out of 22 to approve the subcommittee’s recommendation. The subcommittee and land use committee then issued a joint report, setting forth their recommendation to the Council. Thereafter, on August 16, 2006, the full Council issued Resolution No. 491, disapproving petitioners’ application for consent to operate an unenclosed sidewalk café and noting that DCA approved petitioners’ application. The Council did not detail its reasoning, but provided that it “considered the land use implications and other policy issues relating to the Petition.”
Petitioners commenced this CPLR article 78 proceeding against the Council and DCA, seeking to annul the resolution. They argue that the determination was arbitrary and capricious because the applicable zoning resolution permits unenclosed cafés on University Place and the determination is based on concerns that such a café would adversely affect the neighborhood. Respondents do not dispute that unenclosed cafés are *687 permitted in the subject district pursuant to the zoning resolution. Instead, respondents argue that the determination “is in harmony with” the general goals of such resolution. Respondents note that the zoning resolution’s purpose is in part “ ‘to promote sidewalk cafes as visual amenities’ ” and “ ‘to preserve and enhance the character of neighborhoods throughout the City.’ ” Respondents contend that the Council had authority to consider these purposes in denying consent for the proposed café.
CPLR 7803 (3) authorizes a challenge of an agency determination only where it was “made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion.” Judicial review in an article 78 proceeding is thus limited to whether the determination was rationally based (see generally Matter of Hughes v Doherty, 5 NY3d 100, 105 [2005]; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). No case directly addresses the issue of rationality where the Council denies an application for an unenclosed café license based on community opposition, despite a zoning resolution permitting such a café in the proposed location. However, it is well settled that “classification of a particular use as permitted in a zoning district is ‘tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood’ ” (Matter of Twin County Recycling Corp. v Yevoli, 90 NY2d 1000, 1002 [1997], quoting Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243 [1972]). Therefore, where a zoning resolution permits unenclosed cafés in a particular neighborhood, denial of a petition to operate such a café must be based on more than community resistance to be rational.
Here, it is undisputed that Jack is located in a district zoned a local retail district. It is further undisputed that the applicable zoning resolution permits unenclosed cafés in the type of district to which Jack belongs (see NY City Zoning Resolution § 14-00 et seq.). The resolution sets forth “specified regulations concerning area eligibility, sidewalk locational criteria and physical criteria for sidewalk cafes” in the City of New York (§ 14-01). The “locational criteria” are that “[s]idewalk cafes may be located in . . . all Commercial Districts, . . . except in those areas where sidewalk cafes are specifically prohibited ... as provided in Section 14-40” of the resolution (§ 14-011). Neither *688 section 14-40 of the zoning resolution nor any other section therein prohibits unenclosed sidewalk cafés on University Place. Given that operating an unenclosed café is a permitted use at the proposed location, the Council’s denial of petitioner’s application based on the community’s “de facto moratorium” against such cafés, not on the failure of the proposal to meet applicable criteria, is arbitrary and capricious.
The Council’s resolution provides that it considered the “land use implications and other policy issues” relating to petitioners’ proposal, and respondents contend that the Council considered more than community resistance. However, the record is devoid of any support for these conclusory statements. At the public hearing of the Council’s subcommittee, no one raised an issue concerning whether the petitioners’ proposal violated the location or physical criteria for sidewalk cafés or any other specifications. The hearing centered around generalized community opposition. Further, the joint report of the Council’s subcommittee and Land Use Committee sets forth no explanation for their recommendation of disapproval. On this record, it is clear that the Council denied petitioners’ application because of community pressure alone.
Respondents misplace their reliance on the “general purposes” section of the zoning resolution to argue that the Council could consider the community’s “de facto moratorium” against unenclosed cafés to deny the application. That section sets forth the aim of the sidewalk café regulations established in the resolution (see NY City Zoning Resolution § 14-00). The section does not purport to be a discretionary standard for the Council to use in determining the appropriate location for an unenclosed café in disregard of the resolution’s general provisions. In establishing the zoning resolution, nonparties the City of New York and the City Planning Commission determined where sidewalk cafés are to be encouraged and prohibited citywide for the benefit of the community, taking into account preservation of neighborhood character. While the community board and some residents proclaim 80 University Place, New York, New York, as part of “a basically residential neighborhood,” it is not zoned a residential district.
In light of the court’s holding, petitioners’ alternative ground for relief is rendered academic. Accordingly, it is ordered that the petition is granted and the resolution of respondent the Council of the City of New York is annulled; it *689 is further ordered that respondent the Council of the City of New York is directed to grant the petition of petitioner LADL, LLC, doing business as Jack, for a revocable consent to establish, maintain and operate an unenclosed sidewalk café located at 80 University Place, Community District 2, Borough of Manhattan.